# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MATTHEW STRUCK, DANIEL FRANCISCO, and FIREARMS POLICY COALITION, INC.<br><br>Plaintiffs,<br><br>v.<br><br>MATTHEW J. PLATKIN, in his official capacity as Acting Attorney General of New Jersey, and PATRICK J. CALLAHAN, in his official capacity as Superintendent of the New Jersey State Police,<br><br>Defendants. | Civil Action No.<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Raymond M. DiGuiseppe
**The DiGuiseppe Law Firm, P.C.**
116 N. Howe Street, Suite A
Southport, NC 28461
(910) 713-8804
law.rmd@gmail.com
*Pro Hac Vice application forthcoming*

Bradley P. Lehman
**GELLERT SEITZ BUSENKELL & BROWN LLC**
1201 N. Orange Street, Suite 300
Wilmington, Delaware 19808
(302) 416-3344
blehman@gsbblaw.com

## **LOCAL CIVIL RULE 10.1 STATEMENT**

The street and/or post office addresses of the parties to this action are:

Matthew Struck
3 Elsworth Avenue
Morristown, NJ 07960

Daniel Francisco
7 Harrison Avenue
Englishtown, NJ 07726

Firearms Policy Coalition, Inc.
5550 Painted Mirage Road, Suite 320
Las Vegas, NV 89149

Matthew J. Platkin
Acting Attorney General of New Jersey
Office of the Attorney General
RJ Hughes Justice Complex
Trenton, NJ 08625-0080

Patrick J. Callahan
Superintendent of the New Jersey State Police
P.O. Box 7068
West Trenton, NJ 08627

Plaintiffs, Matthew Struck, Daniel Francisco, and Firearms Policy Coalition, Inc. ("FPC," and, collectively, "Plaintiffs"), by and through their undersigned counsel, bring this complaint against Defendants and allege as follows:

## INTRODUCTION

1. This case presents a simple question of law. The Second Amendment to the United States Constitution guarantees "the right of the people to keep and bear Arms"—*plural*—"which shall not be infringed." U.S. CONST. amend. II. The plain language of the Second Amendment "extends, prima facie, to all instruments that constitute bearable arms" today. *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 28 (2022). As the Supreme Court found in *Heller* and reiterated in *Bruen*, handguns "are indisputably in 'common use.' " *Bruen*, 597 U.S. at 47 (quoting *District of Columbia v. Heller*, 554 U.S. 570, 629 (2008)).

2. Plaintiffs wish to engage in constitutionally protected conduct by acquiring more than one handgun in a 30-day period for lawful purposes. But N.J.S.A. § 2C:58-3(i), N.J.A.C. § 13:54-1.9, and Defendants' policies and enforcement practices (hereinafter, the "OGM Ban") prohibit and criminalizes this conduct.

3. There is no question that the text of the Second Amendment covers the conduct the Plaintiffs wish to engage in and the arms they wish to acquire and possess. And "[w]hen the Second Amendment's plain text covers an individual's

conduct, the Constitution presumptively protects that conduct. To justify its regulation, the government . . . must demonstrate that the regulation is consistent with this Nation's tradition of firearm regulation." *Bruen*, 597 U.S. at 24.

4. Indeed, the test that the Supreme Court applied in *Heller* and *Bruen* "requires courts to assess whether modern firearms regulations are consistent with the Second Amendment's text and historical understanding." *Bruen*, 597 U.S. at 26. Under this test, the government "must affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Id.* at 19. "*Heller* . . . demands a test rooted in the Second Amendment's text, as informed by history." *Id.*

5. But New Jersey cannot carry its burden because there is no constitutionally relevant history that supports the OGM Ban. Other courts to consider laws similar to New Jersey's OGM Ban have found them to be unconstitutional. *See Nguyen v. Bonta*, 2024 U.S. Dist. LEXIS 45512 (S.D. Cal. Mar. 11, 2024) (granting a motion for summary judgment and holding that California's "one gun a month" law was unconstitutional); *see also Heller v. District of Columbia*, 801 F.3d 264, 280 (D.C. Cir. 2015) (finding the District of Columbia's "one gun a month" law unconstitutional in a pre-*Bruen* interest-balancing analysis).

6. By enforcing its OGM Ban, Defendants are infringing upon the Plaintiffs' fundamental, constitutionally guaranteed right to keep and bear arms.

Thus, the Plaintiffs seek the appropriate remedies to declare New Jersey's OGM Ban unconstitutional and enjoin its enforcement.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over all claims for relief pursuant to 28 U.S.C. §§ 1331, 1343, 2201, and 2202, and 42 U.S.C. §§ 1983 and 1988, as this action seeks to redress the deprivation, under color of the laws, statutes, ordinances, regulations, customs, and usages of the State of New Jersey, of the rights, privileges, or immunities secured by the United States Constitution.

8. Venue lies in this Court under 28 U.S.C. § 1391(b)(1) and (b)(2), as the events giving rise to Plaintiffs' causes of action arose or exist in this District in which the action is brought.

## PARTIES

9. Plaintiff Matthew Struck is a natural person, a resident of Morristown, Morris County, New Jersey, an adult over the age of 21, and a citizen of the State of New Jersey and the United States.

10. Plaintiff Struck is a member of Plaintiff FPC.

11. Plaintiff Daniel Francisco is a natural person, a resident of Englishtown, Monmouth County, New Jersey, an adult over the age of 21, and a citizen of the State of New Jersey and the United States.

12. Plaintiff Francisco is a member of Plaintiff FPC.

13. Plaintiff FPC is a nonprofit membership organization incorporated in Delaware with a primary place of business in Clark County, Nevada. FPC works to create a world of maximal human liberty and freedom and to promote and protect individual liberty, private property, and economic freedoms. It seeks to protect, defend, and advance the People's rights, especially but not limited to the inalienable, fundamental, and individual right to keep and bear arms, and protect, defend, and advance the means by which individuals may exercise the right to carry, possess, and use firearms. FPC serves its members and the public through legislative advocacy, grassroots advocacy, litigation and legal efforts, research, education, outreach, and other programs. FPC's members reside both within and outside New Jersey.

14. FPC represents its members—who include gun owners, prospective gun owners, licensed firearm retailers, and others—and brings this action on behalf of its New Jersey-resident members, including the named Plaintiffs herein, who seek to lawfully purchase more than one handgun in common use for lawful purposes within a 30-day period and would do so but for Defendants' enforcement of the OGM Ban.

15. Defendant Matthew J. Platkin is the Acting Attorney General of New Jersey. In such capacity, Platkin is the head of the State's Office of the Attorney General and Department of Law and Public Safety, which includes the New Jersey

State Police, and holds statewide criminal jurisdiction to investigate and prosecute any indictable offense.

16. Defendant Platkin is therefore responsible for executing, delegating, or supervising the laws and regulations governing the possession of firearms and magazines and imposing criminal sanctions for violations of the same.

17. Defendant Platkin's official address is the RJ Hughes Justice Complex, 25 Market St., Trenton, NJ 08625-0080.

18. Defendant Platkin is being sued in his official capacity.

19. Defendant Patrick J. Callahan is the Superintendent of the New Jersey State Police. As Superintendent, subject to the oversight and supervision of the Attorney General, Defendant Callahan exercises, delegates, or supervises all the powers and duties of the New Jersey Division of State Police, including executing and enforcing New Jersey's laws and regulations governing firearms.

20. Defendant Callahan's official address is Office of the Superintendent, New Jersey State Police, P.O. Box 7068, West Trenton, NJ 08628.

21. Defendant Callahan is being sued in his official capacity.

### FACTUAL ALLEGATIONS

22. Plaintiff Struck is not prohibited from acquiring and possessing firearms under federal or state law, a fact known to Defendants.

23. Plaintiff Struck is the holder of a firearm purchaser ID card, a fact also known to Defendants.

24. Plaintiff Struck desires and intends to purchase two or more handguns in common use for lawful purposes from a licensed dealer within a 30-day period and would do so but for Defendants' enforcement of the OGM Ban.

25. Plaintiff Francisco is likewise not prohibited from acquiring and possessing firearms under federal or state law, a fact known to Defendants.

26. Plaintiff Francisco has an active license to carry a handgun issued by his New Jersey licensing authority, a fact known to Defendants.

27. Like Plaintiff Struck, Plaintiff Francisco desires and intends to purchase two or more handguns in common use for lawful purposes from a licensed dealer within a 30-day period and would do so but for Defendants' enforcement of the OGM Ban.

28. Defendants have enforced, are continuing to enforce, and are threatening to enforce their OGM Ban and related laws, policies, practices, and customs against Plaintiffs in violation of the right to keep and bear arms.

29. The individual Plaintiffs' injuries are representative of those experienced by other FPC members in New Jersey.

30. Defendants know or could ascertain the names of the individuals who have applied for more than one handgun purchase in a 30-day period but were denied those transactions based on the OGM Ban.

31. Defendants' past and continuing enforcement of the OGM Ban has chilled and is continuing to chill the exercise of and has violated and is continuing to violate the constitutionally protected rights of Plaintiff Struck, Plaintiff Francisco, and Plaintiff FPC's similarly situated New Jersey members, causing injury and damage actionable under 42 U.S.C. § 1983.

## COUNT ONE

### 42 U.S.C. § 1983
### Violation of the Second and Fourteenth Amendments
### to the United States Constitution

32. The foregoing paragraphs are hereby incorporated herein as if set forth in full.

33. The Second and Fourteenth Amendments to the United States Constitution forbid governments from infringing on the right to keep and bear arms.

34. There is an actual and present controversy between the parties.

35. The right to keep and bear arms includes, but is not limited to, the right of individuals to acquire, possess, purchase, receive, transport, and lawfully use common firearms for all lawful purposes.

36. New Jersey's OGM Ban, and Defendants' enforcement thereof, prohibits Plaintiffs and similarly situated residents of the State of New Jersey from exercising their right to purchase more than one handgun within any 30-day period.

37. N.J.SA. § 2C:58-3(i) provides, in pertinent part: "Only one handgun shall be purchased or delivered on each permit and no more than one handgun shall be purchased within any 30-day period . . . ."

38. N.J.A.C. § 13:54-1.9 provides, in pertinent part: "Only one handgun may be purchased or delivered on each permit to purchase."

39. Individuals in New Jersey have a right to keep, bear, and use arms for all lawful purposes. That right includes but is not limited to buying, selling, and transferring firearms, including by purchasing more than one handgun in a 30-day period.

40. The Constitution contains no limitation on the frequency or number of arms that an individual may lawfully purchase or otherwise acquire—period, let alone in a 30-day period.

41. New Jersey's OGM Ban is not part of the Nation's historical tradition of firearms regulation.

42. The first OGM-type law in the Nation was not passed until 1975, and New Jersey's OGM Ban was not passed until 2009.

43. 42 U.S.C. § 1983 creates a cause of action against state actors who deprive individuals of constitutionally protected rights under color of state law.

44. Defendants, acting under color of state law at all relevant times, have deprived the fundamental constitutional rights of Plaintiffs and similarly situated persons in New Jersey through enforcement of the State's OGM Ban.

45. Plaintiffs lack an adequate remedy at law for this violation of their rights.

46. The public interest favors enjoining unconstitutional statutes, including the OGM Ban.

47. Therefore, as a direct and proximate result of the Defendants' infringement of constitutionally protected rights, Plaintiffs and New Jersey-resident members of Plaintiff FPC have suffered an unlawful deprivation of their right to keep and bear arms, and they will continue to suffer such injury unless and until granted the relief they seek herein.

48. Defendants, having acted under color of law, policy, custom, and/or practice in perpetrating this deprivation of the right to keep and bear arms, are liable under 42 U.S.C. § 1983 "in an action at law, suit in equity, or other proper proceeding for redress[.]"

49. For all the reasons asserted herein, Defendants have acted in violation of, and continue to act in violation of, 42 U.S.C. § 1983, compelling the relief Plaintiffs seek.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter the following relief in their favor and against Defendants:

a) A declaratory judgment that New Jersey's OGM Ban and Defendants' enforcement thereof violates the right to keep and bear arms guaranteed under the Second and Fourteenth Amendments to the United States Constitution and is therefore unconstitutional and unenforceable;

b) A permanent injunction prohibiting Defendants, and Defendants' respective employees, officers, agents, representatives, all those acting in concert or participation with them, and all who receive notice of the injunction, from enforcing New Jersey's OGM Ban;

c) Attorneys' fees, expert fees, and costs pursuant to 42 U.S.C. § 1988, and any other applicable law; and,

d) Any and all other and further legal and equitable relief against Defendants as necessary to effectuate the Court's judgment, or as the Court otherwise deems just and proper.

Dated: September 26, 2024

**GELLERT SEITZ BUSENKELL & BROWN LLC**

<u>*/s/ Bradley P. Lehman*</u>
Bradley P. Lehman (NJ No. 129762014)
1201 N. Orange Street, Suite 300
Wilmington, Delaware 19801
P: (302) 425-5800
E: blehman@gsbblaw.com

*Counsel for Plaintiffs*

13